## IN THE UNITED STATES DISTRIC COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GIORGIO ZAMPIEROLLO RHEINFELDT<br><br>Plaintiff<br><br>vs.<br><br>INGERSOLL-RAND DE PUERTO RICO, INC. and/or TRANE PUERTO RICO, INC. and/or TRANE PUERTO RICO LLC<br><br>Defendants | Civil No.<br><br>Re: Wrongful Termination – Discrimination on the Basis of Age<br><br>JURY TRIAL REQUESTED |

### COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the plaintiff, Giorgio Zampierollo, hereinafter "Zampierollo", represented by the undersigned counsels and very respectfully **STATE, ALLEGE** and **PRAY** as follows:

### I.   INTRODUCTION

1. Mr. Zampierollo brings forth this civil action seeking monetary damages and declaratory relief under the Age Discrimination in Employment Act, as amended, 29 U.S.C. 621 et seq., against Ingersoll-Rand Puerto Rico, Inc., and/or Trane Puerto Rico, Inc., and/or Trane Puerto Rico LLC, collectively hereinafter the "Company" or "Defendant" for deprivation of Plaintiff's rights under the laws of the United States of America and laws of the Commonwealth of Puerto Rico, including Puerto Rico Act No. 80 of May 30 of 1979, as amended, 29 L.P.R.A. 185 et seq., ("Law 80"); Puerto Rico Act. No. 100 of June 30 of 1958, as amended, 29 L.P.R.A. sec. 146 et seq., ("Law 100").

1

2. Mr. Zampierollo seeks, *inter alia*, back pay, reinstatement and/or front pay, liquidated damages, attorneys fees and pre and post judgment interest as a result of the Company's age discrimination and wrongful discharge from his employment. Injunctive relief for reinstatement and an order to prevent future discrimination is requested.

## II.   JURISDICTION

3. Jurisdiction is invoked under 28 U.S.C. sec. 1331. This civil action based on a Federal Question arising under the laws of the United States of America.

4. This Action is brought pursuant to the Age Discrimination in Employment Act, as amended, 29 USC 621 et seq. This Honorable Court has supplemental jurisdiction over the state claims averred hereinafter, insofar as they stem from the same nucleus of operative facts and meet all other jurisdictional requirements.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant's actions, referenced herein, took place within the District of Puerto Rico.

## III.   THE PARTIES

6. Mr. Zampierollo is of legal age, married and his address is: Ext. Villa Caparra, Calle Roma C-12, Guaynabo, P.R. 00966.

7. Ingersoll-Rand de Puerto Rico, Inc. is a for profit domestic corporation, organized under the laws of Puerto Rico dedicated to industrial manufacturing of air conditioners; register number 8965, with postal address PO Box 9022946, San Juan, P.R. 00901.

8. Trane Puerto Rico, Inc. is a for-profit foreign corporation organized pursuant to Delaware General Law of Corporations dedicated to the air conditioning business and duly authorized to do business in Puerto Rico, register number 11248,

2

with offices in San Juan, Puerto Rico, with postal address: PO Box 9000, San Juan, PR 00908-9000.

9. Trane Puerto Rico LLC, is a for profit domestic corporation, organized under the laws of Puerto Rico dedicated to the air conditioning business; register number 4251, with postal address 361 San Francisco Street San Juan. P.R. 00901.

## IV. PROCEDURAL REQUIREMENTS

10. On May 23rd, 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging wrongful and discriminatory discharge due to age. This discrimination charge arose out of the same facts alleged herein.

11. On September 10th, 2014, Plaintiff received Company's position statement submitted before the EEOC and a request from Federal Investigator Carlos Gonzalez requesting additional evidence.

12. On September 18th, 2014, Plaintiff solicited Right to Sue from the EEOC.

13. On December 31st, 2014, the EEOC issued Plaintiff a Right to Sue Notice.

## V. FACTUAL ALLEGATIONS

14. Mr. Zampierollo began working for Defendant on June, 1980 as a Sales Engineer.

15. During all times relevant to the Complaint and since 2000, Mr. Zampierollo was employed as the District General Manager of the Company's Puerto Rico District.

16. Prior to his appointment as District General Manager, Mr. Zampierollo held other management positions with the employer.

17. As part of his duties as District General Manager, Mr. Zampierollo was responsible for the successful management and leadership of a District Office consisting of four inter-related businesses – Parts, Equipment, Service and Contracting in Trane Puerto Rico, Inc; he was a key member in developing and executing Trane's strategy of establishing countrywide distribution channels and gaining influence with key decision-makers and was responsible for overall performance of country operations.

18. On or about 2013, Enrique Flefel Beiza ("Flefel") began working for Company as Vice President North Latin America Region.

19. On or about 2013, Mr. Zampierollo started reporting directly to Enrique Flefel.

20. On or about, September 23rd, 2013, Mr. Flefel spoke with Mr. Zampierollo to inform him that he was being discharged because the Company's general administrative expenses were too high and they wanted to lower them.

21. Mr. Flefel then preceded to hand Mr. Zampierollo his discharge letter dated September 30th, 2013.

22. However, prior to September, 2013, Mr. Zampierollo was requested to reduce expenses and he did. In fact, the company was complying with goals and making profit.

23. Nonetheless, Mr. Zampierollo was discharged from his employment on September 30th, 2013.

24. Therefore, the reasons given to Mr. Zampierollo to justify his discharge were pretextual.

25. In fact, Mr. Zampierollo's discharge was a part of the company's strategy to eliminate senior employers and substitute them with younger employees. For example, they did the same with Brazil, Thermo-King and other subsidiaries.

26. Mr. Zampierollo's discharge was effective on October 14th, 2013.

27. Mr. Zampierollo was fifty-five (55) years old at the time of his discharge.

28. At the time of his discharge, Mr. Zampierollo held the District General Manager position at Company and reported directly to Enrique Flefel.

29. After Mr. Zampierollo's discharge, his District General Manager duties were assigned to two (2) younger employees, Sergio Sanjenis ("Sanjenis"), forty-five (45) years old, and Juan Carlos Teruel ("Teruel"), thirty-nine (39) years old.

30. At the time of his discharge, Mr. Zampierollo had work for a total of thirty-three (33) years for the Company.

31. Mr. Sanjenis joined the company in 1994 and at the time of Mr. Zampierollo's discharge held the position of Dealer Sales and Marketing Manager.

32. After Mr. Zampierollo's discharge, Mr. Sanjenis was promoted to the position of Business Director and assigned many of Mr. Zampierollo's duties.

33. On the other hand, Mr. Turuel joined the company on or about 1999, and at the time of Mr. Zampierollo's discharge held the position of Commercial Sales Manager of Puerto Rico.

34. After Mr. Zampierollo's discharge, Mr. Turuel was promoted to the position of Services Operations Leader and also assigned many of Mr. Zampierollo's duties.

35. As the Services Operations Leader, Mr. Turuel is responsible for the services operation, specifically its role in the North Territory of Latin America.

36. As Business Director, Mr. Sanjenis is responsible for the residential and commercial sales channel, parts, logistics and marketing.

37. Hence, the Services Operations Leader and Business Director positions' given to Mr. Sanjenis and Mr. Turuel, include collectively the same duties previously assigned to Mr. Zampierollo's position as District General Manager.

38. At the time of his discharge, that is, on September, 2013, and throughout the years preceding, the Company had more than a hundred (100) employees.

39. Mr. Zampierollo was born in 1958 and was fifty-five (55) years of age at the time of his wrongful termination, wherefore he fell within the group protected by law, that is, he was over the age of forty (40).

40. Mr. Zampierollo, at the time of his discharge, was more than qualified to carry his duties as District General Manager.

41. In fact, Mr. Zampierollo had never received any verbal or written admonishment regarding his performance within the Company and always met or exceeded the Company's expectations.

42. Both, Mr. Turuel and Mr. Sanjenis had less seniority than Mr. Zampierollo at the Company.

43. After Mr. Zampierollo's wrongful termination, Mr. Sanjenis and Mr. Teruel were assigned the positions of Services Operations Leader and Business Director to carry out collectively the same duties previously assigned to Mr. Zampierollo's position as District General Manager.

44.     The Company wrongfully and discriminatorily discharged Mr. Zampierollo because of his age, leaving two (2) younger employees, with less seniority, performing his same duties and functions.

45.     The Company alleged that at the time of Mr. Zampierollo's discharge, the Company was undergoing a major restructuring, and as a result discharged Mr. Zampierollo, when in fact there was no restructuration of the operations besides assigning Mr. Zampierollo's duties to two (2) younger employees.

46.     Therefore, the Company's real motivation for his discharge was because of his age.

47.     Mr. Zampierollo should have not been discharged thus; the discharge is not only discriminatory, but wrongful.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*Age Discrimination in Employment Act of 1967*

48.     The allegations contained in paragraphs 1 through 47 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

49.     The Age Discrimination in Employment Act ("ADEA") bars discrimination "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C.A. § 623(a)(1).

50.     Plaintiff was wrongfully dismissed because of his age.

51.     Plaintiff, at the time of discharge fell within the protected age, over 40, under the ADEA.

52. Plaintiff was qualified to perform his employment duties at the time of his termination.

53. Plaintiff's duties are now fulfilled by two (2) younger employees.

54. Therefore, Defendant's aforementioned conducts constitute an unlawful employment action pursuant to the ADEA.

55. As a direct and proximate cause of Defendant's aforementioned actions, Plaintiff has suffered and will continue to suffer emotional and financial damages estimated in the sum amount of $100,000.00.

## SECOND CAUSE OF ACTION
*Puerto Rico Law 100*

56. The allegations contained in paragraphs 1 through 55 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

57. Puerto Rico Law 100 of June 30, 1959 ("Law 100") prohibits the discharge, suspension, or discrimination of an employee on account of age, race, color, sex or social or national origin.

58. Defendant's discrimination against Plaintiff because of his age constitutes an unlawful employment conduct pursuant to the Puerto Rico Law 100.

59. The dismissal was discriminatory due to age, in violation of the Employment Discrimination Act, Act No. 100 of June 30, 1959, as amended, 29 L.P.R.A. §146 et seq.

60. As result of Defendant's actions, Plaintiff has suffered and continues to suffer great emotional and financial damages. Plaintiff's unlawful discharge shattered all

8

his expectations of future professional endeavors and potential earnings, putting at risk his ability to make a living and to adequately support his family.

61. As a direct and proximate cause of Defendant's aforementioned actions, Plaintiff has suffered and will continue to suffer emotional and financial damages estimated in the sum of $300,000.00.

### THIRD CAUSE OF ACTION
*Puerto Rico Law 80*

62. The allegations contained in paragraphs 1 through 61 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

63. The Company discharged Plaintiff from his employment without just cause, in violation of Law No. 80, as amended, 29 L.P.R.A. § 185(b). Consequently, Plaintiff is entitled to receive from Defendant a severance pay of **$758,767.50**, plus back and front pay.

64. Pursuant to Law No, *supra*, § 185(k), and Rule 44 of the Puerto Rico Rules of Civil Procedure, Plaintiff is entitled to the costs to be incurred in this suit, plus reasonable attorneys' fees.

### VII. JURY TRIAL

36. Plaintiff hereby invokes his Seventh Amendment Right to a jury trial for all issues so triable.

### VIII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this most Honorable Court enter judgment in his favor, containing the following relief: (a) Ordering declaratory judgment that the actions, conduct and practices of Defendant complained herein violate the law of the

United States and the Commonwealth of Puerto Rico; (b) Ordering an injunction permanently restraining Defendant from engaging in such unlawful conduct; (c) Ordering Defendant to reinstate Plaintiff in his employment; (d) Granting Plaintiff all the sums requested in this complaint; (e) Imposing upon Defendant the payment of all costs and expenses to be incurred in this lawsuit; (f) Awarding Plaintiff a reasonable amount for attorneys' fees; and (g) Granting Plaintiff such other and further relief as this most Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**, in Guaynabo, Puerto Rico, this 18th day of March, 2015.

*s/ Miguel Simonet Sierra*
Miguel Simonet Sierra
USDC-PR 210102

*s/ Dora L. Monserrate-Peñagarícano*
Dora L. Monserrate-Peñagarícano
USDC-PR 212612

**MONSERRATE, SIMONET & GIERBOLINI**
Attorneys for Plaintiff
Maramar Plaza
101 Ave. San Patricio, Suite 1120
Guaynabo, Puerto Rico 00968-2646
Tel. (787) 620-5300
Fax  (787) 620-5305
E-mail:  msimonet@llvslaw.com
          dmp@monserratelaw.com

1910-0000